**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF PUERTO RICO**

| | |
|---|---|
| HN1 THERAPY NETWORK OF PUERTO RICO, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ASOCIACIÓN PUERTORRIQUEÑA DE FISIOTERAPIA, INC., REGINA RIVERA CARDE, RAPHAEL MELÉNDEZ PÉREZ, ONEIDA RODRÍGUEZ CARABALLO, AND PEDRO PIÑERO<br><br>　　Defendants, | CIVIL NO. 3:10-cv-1404<br><br>RE:　UNREASONABLE RESTRAINT OF TRADE; GROUP BOYCOTT; PRICE-FIXING; TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS; PRELIMINARY AND PERMANENT INJUNCTION.<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST**
**ASOCIACIÓN PUERTORRIQUEÑA DE FISIOTERIAPIA, INC.**

TO THE HONORABLE COURT:

　　COME NOW Plaintiff, HN1 Therapy Network of Puerto Rico, LLC d/b/a Therapy Network of Puerto Rico ("TNPR"), through undersigned counsel, and very respectfully alleges and prays as follows:

　　1.　Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff requests that default judgment be entered granting permanent injunction against Asociación Puertorriqueña de Fisioterapia, Inc. ("APF").

　　2.　On May 14, 2010, TNPR filed the instant Complaint along with a request for temporary restraining order, preliminary and permanent injunction to stop defendant, APF and the individual defendants, Regina Rivera Cardé, Raphael Meléndez Pérez, Oneida Rodríguez Caraballo, and Pedro Piñero ("individual defendants") from conducting group boycott activities.

　　3.　After all defendants were served with copies of the Complaint on May 19-20, 2010, the individual defendants filed a Motion

to Show Cause on June 3, 2010 (Docket No. 19) and later, answered the Complaint on August 23, 2010 (Docket No. 41).

4. Plaintiff and the individual defendants settled all of their differences by entering into a "Joint Settlement Stipulation and Request for Partial Voluntary Dismissal with Prejudice". Docket No 47. In it, individual defendants, without admitting liability, agreed to refrain from influencing in any way other therapists in its decision to enter into contract with TNPR, in exchange for a full release of liability stemming from the Complaint. This Court entered partial judgment approving settlement on January 31, 2011. Docket No. 49.

5. However, APF never made an appearance, nor answered the Complaint. Correspondingly, on August 27, 2010, Plaintiff filed a "Second Motion for Entry of Default and Partial Default Judgment" against APF (Docket No. 42). As a result, this Court entered default against APF on September 3, 2010. See, Docket No. 44.

6. Plaintiff seeks that Default Judgment be entered against APF to enjoin it from future boycott activities.

7. Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Once default entered, as is the case here, Rule 55(b) allows entry of default judgment by the clerk in cases seeking a sum certain or by the Court in any other case. Moreover, default judgment is appropriate if a defendant's conduct delays intentionally the proceedings in the case. Inman v. American Furniture, 120 F. 3d 117, 119 (1st Cir. 1997).

2

8. As alleged under penalty of perjury in the Complaint, APF, through its Private Section, carried out a *per se* violation of Section 1 of the Sherman Act by collectively agreeing not to enter into contract with TNPR in order to increase compensation for their services. See, FTC v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411, 436; 110 S.Ct. 768, 107 L.Ed.2d 851 (1990), (US Supreme Court upheld an injunction against a group of court-appointed lawyers that enjoined their concerted refusal to accept further case assignments pending a requested fee increase as a *per se* violation). *See* also, Sandy River Nursing Care Ctr. v. Aetna Cas., 985 F.2d 1138, 1143 (1st Cir. 1993) (concerted efforts by defendant insurance companies to refuse to offer certain types of insurance coverage in attempt to induce Maine legislature to authorize rate increases was an economic boycott that beyond doubt 'constituted a classic restraint of trade within the meaning of Section 1 of the Sherman Act'")(quoting Superior Court Trial Lawyers Ass'n, 493 U.S. at 422).

9. The allegations of APF's group boycott activities were made under penalty of perjury in the Complaint. Also, TNPR's unopposed July 1, 2010 Response to Motion to Show Cause (Docket No. 32) was also accompanied by two (2) additional statements under penalty of perjury, which attested to APF's illegal acts.

10. In addition, APF was served on May 19, 2010 through Regina Rivera Cardé, APF's Private Sector's President. As the Complaint showed, she was the person that represented APF at the Senate hearings and wrote on behalf of APF in her April 22, 2010-position statement that APF's members had agreed not enter into an agreement with TNPR. ("[t]he Private Section of APF has decided not to play MMM's game,

3

11. The Complaint, which was never answered by APF, showed that TNPR has direct and circumstantial evidence of an illegal *per ser* violation of the Sherman Act. A plaintiff can offer <u>direct</u> or <u>circumstantial</u> evidence to prove concerted action. <u>Monsanto Co. v. Spray-Rite Service Corp.</u>, 465 U.S. 752, 104 S. Ct. 1464 (1984). Once direct evidence proves the conduct that falls within a *per se* category (such as a horizontal price fixing arrangement or a classic boycott akin to <u>FTC v. Superior Court Trial Lawyers Ass'n</u>), liability necessarily must be found. See, Areeda & Hovenkamp, *VI Antitrust Law*, ¶1413, pag. 80.

12. In this case, there is direct and uncontested evidence that competitors in the therapy market, through APF, agreed not to enter into contract with TNPR to obtain economic benefit. Not only did APF make express and written statements confirming the existence of a horizontal agreement between competitors designed to affect price (the Position Statement), but APF never refuted the allegations of the Complaint under oath attesting to it. All of this satisfies the burden required to enter default judgment, whose only requirement is that the party be on default, pursuant to FRCP 55(b).

13. Hence, in order to redress the continued effects of this boycott and send a clear message to APF that these types of agreements are illegal and will not be tolerated, TNPR requests this Court to issue permanent injunction.

**WHEREFORE**, TNPR hereby requests this Honorable Court to enter partial judgment and permanent injunction against APF ordering it to: issue a public statement recanting in its entirety its April 21, 2010 position-statement and holding that APF does not, nor cannot have a position in connection with TNPR's contractual offer; refrain from contacting any therapists by phone, text or any other mean to influence in any way the therapists' decision with regards to TNPR's offer and notify TNPR or this Court of anyone that continues to do so; and hold any prior communications by APF, urging them not to enter into contract with TNPR as illegal, and warning that any future communications for these purposes will be held in contempt of the Court and result in monetary sanctions.

WE HEREBY CERTIFY that on this date a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to: Marcos Valls-Sanchez, Esq. at valls@prlegalsolutions.com and Maricarmen Almodovar-Diaz, Esq. at fayse@prtc.net

In San Juan, Puerto Rico, this March 9, 2011.

S/  HERMAN G. COLBERG-GUERRA
Herman G. Colberg-Guerra
USDC Bar No. 212511

**PIETRANTONI MÉNDEZ & ÁLVAREZ LLP**
Banco Popular Center 19th Floor
209 Muñoz Rivera Ave.
San Juan, Puerto Rico 00918
Telephone No. (787) 274-1212
Facsimile No. (787) 274-1470
hcolberg@pmalaw.com

5